**In re RALSTON PURINA COMPANY, Petitioner.**

**No. 83–1375.**

United States Court of Appeals, Fourth Circuit.

Argued Oct. 6, 1983.

Decided Feb. 8, 1984.

William L. Rikard, Jr., Charlotte, N.C. (I. Faison Hicks, Grier, Parker, Poe, Thompson, Bernstein, Gage & Preston, Charlotte, N.C., on brief), for petitioner.

Ernest S. Delaney, III, Samuel M. Millette, Charlotte, N.C. (Delaney, Millette, DeArmon & McKnight, Charlotte, N.C., on brief), for respondent.

Before WIDENER and ERVIN, Circuit Judges, and BRYAN, Senior Circuit Judge.

WIDENER, Circuit Judge:

Ralston Purina Company (Purina), defendant below, petitions this court under 28 U.S.C. § 1651(a) for a writ of mandamus directing the United States District Court for the Western District of North Carolina to vacate an order declining to sever the various plaintiffs' cases and to transfer the cases as severed to district courts in Georgia and Pennsylvania. Because we find no clear and indisputable right to such transfers, we deny issuance of the writ.

Purina is a Missouri corporation employing over 60,000 people nationwide in the production and sale of products such as grocery items and animal feed.[1] It is composed of several smaller divisions such as the Grocery Products Division and the Chow Division, and has business operations in North Carolina. Charlotte serves as the South Atlantic Regional Office for the Grocery Products Division. A sales office of the Chow Division is also located in Charlotte. Purina also operates a feed mill in Charlotte, producing more than 149,000 tons of feed annually. Thus, Purina "is doing business" under 28 U.S.C. § 1391(c) in the Western District of North Carolina and one place of proper venue for suits against Purina is in that district.

The civil action underlying this petition was filed in the Western District of North Carolina by three plaintiffs, George King, Walter Elmer, and Morris Nelson (the plaintiffs) against Purina, alleging that they were discriminated against in their employment because of their age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. None of the plaintiffs are employed or have ever been employed at any of Purina's Charlotte operations. King is a resident of Georgia and was employed by Ralston Purina primarily in its Chow Division there. King's employment with Ralston Purina of 35 years was terminated in 1981 allegedly because of his age. Elmer is a resident of Pennsylvania, where he is employed in the Grocery Products Division.[2] He claims that he was demoted to Assistant Regional Manager because of his age. Nelson is a resident of Georgia. He claims that after 27 years of service with Ralston Purina he was demoted to salesman because of his age. All three plaintiffs allege that Purina is engaged in a company-wide pattern and practice of age discrimination in all of its divisions throughout the country.

Purina moved the district court to dismiss the plaintiffs' complaint for improper venue or in the alternative to sever and transfer the claims of King and Nelson to Georgia and the claim of Elmer to Pennsylvania because the plaintiffs reside in those respective jurisdictions; the causes of action arose without the Western District of North Carolina, the plaintiffs neither working nor being supervised from that district; Purina is licensed to do business in Georgia and Pennsylvania, its witnesses being located there; and no connection exists between the Western District of North Carolina and the claims of the plaintiffs.

The plaintiffs countered that they had witnesses they planned to call who were located in or near the Western District of North Carolina. Those witnesses would testify regarding both the individual job performances of the plaintiffs and also with respect to the practice and policy of Purina regarding the removal of workers approaching the age of 55.[3] The plaintiffs also

1. Purina's principal place of business is St. Louis, Missouri.

2. Formerly the Van Camp Seafood Company.

3. Those witnesses are James Anderson, Charles Dillard, Don Dixon, Paul Barton, W.C. Heebner, Jesse Lewis and Herbert Smith, all present or former employees of Purina.

contended that the Western District of North Carolina was the most convenient for them because it was equidistant between their various residences and because counsel that they have employed are located in the district.

Following a hearing on the matter, the district court refused to dismiss or transfer the case. The district court initially concluded that venue was proper in the Western District of North Carolina. It next found that joinder of the claims of the plaintiffs under FRCP 20(a) was proper because of their allegations of a company-wide pattern and practice of age discrimination. The court then concluded that the potential inconvenience or prejudice to Purina of trying the three claims together in North Carolina was not strong enough to warrant severance and transfer. Finding that the plaintiffs would be prejudiced by being required to prove a pattern or practice of discrimination in three different cases, the district court denied Purina's motion to sever and transfer. Purina then moved the district court to certify its order denying transfer under 28 U.S.C. § 1292(b) to allow immediate appeal of the question. The district court denied that motion. Purina then filed its petition for mandamus with this court.

28 U.S.C. § 1404(a) provides for the transfer of any civil action from one district to another for the "convenience of parties and witnesses, in the interest of justice." Purina argues that the district court abused its discretion in not transferring the cases, basing its argument upon four factors: (1) that plaintiffs' claims arose from different districts and are factually unrelated; (2) that none of plaintiffs' claims have any relationship to the Western District of North Carolina; (3) that no material witnesses for either side reside in North Carolina; and (4) that plaintiffs have presented claims governed by state law other than that of the forum. Purina further argues that the basis of the district court's opinion,

the existence of a company-wide pattern or practice of age discrimination, is wholly unsupported by the record.

▮▮▮ Abuse of discretion, however, is not the standard to be employed in deciding whether or not to issue a writ of mandamus.[4] Mandamus should not be used as a substitute for an appeal. While it will be inconvenient for Purina to undergo a trial on the merits in this case prior to an appellate ruling on the issue of transfer, a writ of mandamus should not issue for that reason alone. *Roche v. Evaporated Milk Assoc.*, 319 U.S. 21, 30, 63 S.Ct. 938, 943, 87 L.Ed. 1185 (1943). As the Court in *Roche* noted: "[h]ere the inconvenience to the litigants results alone from the circumstances that Congress has provided for review of the district court's order only on review of the final judgment, and not from an abuse of judicial power, or refusal to exercise it, which is the function of mandamus to correct." Id. at 31, 63 S.Ct. at 944.

The Court has required that one seeking a writ of mandamus carries the burden of showing both that he had "no other adequate means to attain the relief he desires" and that his right to issuance of the writ is "clear and indisputable." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35, 101 S.Ct. 188, 190, 66 L.Ed.2d 193 (1980).

In *Allied Chemical* the Court reviewed the grant of a writ of mandamus by a court of appeals. The district court in that case had granted a motion for a new trial following a jury verdict for plaintiff on the grounds that it had erred in several evidentiary rulings made during the trial and that the evidence did not support the amount of the jury award. The court of appeals issued the writ to reinstate the jury verdict as to liability but permitted the new trial to proceed as to damages. After reviewing the evolution of the case law on mandamus and stressing its extraordinary nature, the Court found that an order granting a new trial would rarely, if ever, justify the issuance of the writ because such orders can

---

**4.** For that reason, we do not decide whether or not the district court abused its discretion in

declining to transfer the case.

be reviewed on appeal after a final judgment has been entered and because the authority to grant a new trial is left almost entirely to the discretion of the district court. The Court reasoned that "[w]here a matter is committed to discretion, it cannot be said that a litigant's right to a particular result is 'clear and indisputable.'" Id. at 36, 101 S.Ct. at 190.

■ *Allied Chemical* is persuasive to us here. An order allowing transfer of a matter to another district is committed to the discretion of the district court. 28 U.S.C. § 1404(a); *Commodity Futures Trading Comm. v. Savage,* 611 F.2d 270, 279 (9th Cir.1979). The denial of a motion to transfer is not an appealable order, *Jiffy Lubricator Co. v. Stewart-Warner Corp.,* 177 F.2d 360 (4th Cir.1949), cert. den. 338 U.S. 947, 70 S.Ct. 484, 94 L.Ed. 584 (1950), and Purina can challenge the exercise of the district court's discretion through appeal of the final judgment in this case. *Southern Railway Co. v. Madden,* 235 F.2d 198 (4th Cir.), cert. den. 352 U.S. 953, 77 S.Ct. 328, 1 L.Ed.2d 244 (1956). That being so, it is difficult to say that Purina has "no other adequate means to attain the relief . . . [it] desires." *Allied Chemical,* 449 U.S. at 35, 101 S.Ct. at 190.

■ The rules for issuing writs of mandamus are frequently phrased in strong terms, near absolutes, but are not always inflexible, and, while writs of mandamus to review discretionary decisions of district judges are not proscribed, they should "hardly ever" issue. *Allied Chemical* p. 36, 101 S.Ct. p. 190. The applicable standard in this circuit for issuing a writ of mandamus for the claimed denial of a transfer of venue was merely an abuse of discretion, *Akers v. Norfolk & Western Ry.,* 378 F.2d 78 (4th Cir.1967). But we think it plain that *Allied Chemical* with its reliance on *Roche* and *Will,* infra, has made it clear that the writ should not issue unless the right of the

party seeking mandamus is clear and indisputable, and that clear and indisputable requires considerably more strained circumstances than does a mere abuse of discretion. The rule in *Will v. Calvert Fire Ins.,* 437 U.S. 655, 666, 98 S.Ct. 2552, 2559, 57 L.Ed.2d 504 (1978) (plurality opinion), was adopted by the Court in *Allied Chemical.*

■ Since *Allied Chemical* leaves room for issuing the writ in "exceptional circumstances," 449 U.S. p. 35, 101 S.Ct. p. 190, we think that before the writ should issue in a case in which the matter at hand is entrusted to the discretion of the district court, the district court's abuse of discretion must amount to a "judicial usurpation of power." *Allied Chemical* at 35, 101 S.Ct. at 190. The reasoning of the court in *Allied Chemical* is thus consistent with its reasoning in *Roche* which required "an abuse of judicial power, or refusal to exercise it." *Roche* 319 U.S. at p. 31, 63 S.Ct. at p. 944. Thus, it is in cases of abuse of judicial power, not merely abuse of discretion, that mandamus lies. Merely an abuse of discretion may be corrected on appeal. *Southern Ry. Co. v. Madden,* 235 F.2d 198 (4th Cir.), cert. den., 352 U.S. 953, 77 S.Ct. 328, 1 L.Ed.2d 244 (1956).

We now apply the law as we see it to the case at hand.

The district court apparently decided that the convenience of the parties was best suited by a trial in Charlotte.[5] Of course this does not withstand analysis. Two of the plaintiffs are from Georgia, and one is from Pennsylvania; the acts complained of took place in Georgia and Pennsylvania; the records concerning the acts complained of are in Georgia and Pennsylvania; and the defendants' witnesses are in Georgia and Pennsylvania. The claim of the plaintiffs that their attorneys are from Charlotte, we think is not a permissible consideration.

The district court's opinion did not discuss the convenience of witnesses except to say

---

**5.** It was held in *Commodity Futures,* p. 279, that the convenience of the plaintiff is not of importance. While the reason for the holding was not explicit, it was apparently for the logical reason that courts have no call to save a

plaintiff from himself. In that connection, *Commodity Futures,* p. 279, gave some weight to the plaintiff's choice of forum, as do we. See *Akers* at 80.

that Purina should not have any problem in securing the testimony of its own employees, which apparently are nearly all its witnesses, in Charlotte, and that that burden did not offset the advantage of hearing the claims together. Were that all, we would have a closer case. A part of the plaintiffs' case, however, is that there is alleged to be a company-wide policy of getting rid of employees at the age of 55 by one means or another, such as retirement, discharge, demotion, etc. The witnesses the plaintiffs intend to call to prove such a policy, so far as this record shows, would find it more convenient to testify in Charlotte than they would in either Georgia or Pennsylvania. While it is true that those witnesses' testimony with respect to the particular adverse employment decisions involving the three plaintiffs is limited at best, perhaps to the point of being incompetent or irrelevant, by their lack of close association with the plaintiffs, their competence to speak as to the alleged company-wide policy we have mentioned above has not been successfully questioned on the record before us, even to the limited extent appropriate at this stage of the proceedings. We cannot guess, of course, what direction the trial will take, but it may well be that the principal part of plaintiffs' case will turn around that company-wide policy if it existed.

█ In summary, the record as it now appears before us shows that it would not be more convenient for the parties to try the case in Charlotte, but that the convenience of the plaintiffs' witnesses would be better suited by a trial in Charlotte, while the convenience of the defendants' witnesses would be better suited by trials in Georgia and Pennsylvania.[6] That being true, we do not think the district court's acts were such an abuse of judicial power or refusal

6. The convenience of plaintiffs' paid expert witnesses is of little moment. See *Southern Railway Co. v. Madden*, at 201; cf. Wright, Miller and Cooper, *Federal Practice and Procedure* (1976), § 3852.

7. We express no opinion as to the admissibility of the testimony of any witness, nor as to whether or not any particular theory of recovery is maintainable either in fact or law.

to exercise it that the right to a transfer is clear and indisputable.

The petition for a writ of mandamus is accordingly

*DENIED*[7].

ALBERT V. BRYAN, Senior Circuit Judge, dissenting:

Upon the facts, accurately and precisely related by Judge Widener in his opinion for this Court, I would grant *mandamus*.

From the inception of the instant controversy, the plaintiffs have relentlessly engaged in the practice of forum shopping. The Supreme Court has itself censured this very strategy: "the plaintiff may not, by choice of an inconvenient forum, 'vex,' 'harass,' or 'oppress' the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy." *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). Yet the majority's decision today tolerates this condemnable tactic.

Remedially, the Supreme Court in *Allied Chemical* recognized that we may employ the remedy of *mandamus* in "extraordinary situations." 449 U.S. 33, 34, 101 S.Ct. 188, 189, 66 L.Ed.2d 193. In my view, we are confronted with an extraordinary situation here: the District Court has declined "to exercise its authority when it is its duty to do so." *Id.* at 35, 101 S.Ct. at 190. I simply cannot conceive that the Supreme Court intended its general doctrine on the proper circumstances for the issuance of a writ of *mandamus* to be used to facilitate flagrant instances of forum shopping.

Justice demands that we sever and transfer the plaintiffs' cases to their respective points of origin. Under the majority's ra-

While Purina made a motion to sever the cases, it does not ask us to consider here the denial of that motion considered separately from the motion to transfer.

We do not permit the filing of, and have not considered, the supplemental appendix offered by plaintiffs.

tionale, we are left powerless to uphold and effectuate Ralston Purina's rightful claim until it has endured the costly and time-consuming process of defending against the consolidated actions; the futility of an appeal to transfer the cases after the trial is self-evident. The District Court's refusal to certify its denial of the motion to sever and transfer leaves us no alternative but to issue the writ.