828 F.2d 18
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Luther SWANNER,
v.
BENEFITS REVIEW BOARD, UNITED STATES DEPARTMENT OF LABOR,
Director, Office of Workers' Compensation
Programs, United States Department of
Labor, Respondent.
In re Luther SWANNER, Petitioner.
 Nos. 87-3551, 87-3599
 United States Court of Appeals, Fourth Circuit.
 Submitted July 30, 1987.
Decided August 21, 1987.
 
 Thomas E. Johnson, for petitioner.
 George R. Salem, Solicitor of Labor, Donald S. Shire, Donald S. Shire, Associate Solicitor, Barbara J. Johnson, Counsel for Appellate Litigation, Thomas L. Holzman, Assistant Counsel for Appellate Litigation, Michael J. Rutledge, U.S. Department of Labor, for respondent.
 Before RUSSELL, WIDENER and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Luther Swanner filed a petition for review of an order of the Benefits Review Board of the Department of Labor ('BRB') which dismissed as interlocutory an appeal from an Administrative Law Judge's ('ALJ's') order for physical examination. The Director of the Office of Workers' Compensation Programs ('Director') has moved for dismissal of this petition on the ground that the order dimissing the interlocutory appeal is not a 'final order' with the meaning of the Longshoremen's and Harborworkers' Compensation Act, 33 U.S.C. Sec. 921(c), incorporated into the Balck Lung Benefits Act at 30 U.S.C. Sec. 932(a). Swanner has also filed a petition for writ of mandamus, seeking an order that the Administrative Law Judge vacate the other for physical examination.
 
 
 2
 Swanner filed a claim for federal black lung benefits with the Department of Labor in March 1983. After initial evidentiary development, including medical tests of Swanner authorized by the Deputy Commissioner pursuant to 20 C.F.R. Sec. 725.406, the Deputy Commissioner administratively denied the claim on 21 September 1983. Swanner petitioned for review, and the case was referred to the Office of Administrative Law Judges on 12 July 1984.
 
 
 3
 On 20 May 1986, after the case was set for a hearing to be held 21 July 1986, the Director asked Swanner to undergo more medical tests so that it could present current evidence at the scheduled hearing. Swanner refused to submit to these tests, and renewed his objections at the 21 July hearing. The ALJ overruled Swanner's objections and issued an order for physical examination on 29 August 1986. This order directs Swanner to undergo 'a complete pulmonary evaluation' when scheduled by the Director.
 
 
 4
 Swanner sought interlocutory review of the order for physical examination with the BRB; the BRB, finding that the appeal did not meet any of the limited exceptions to its general finality rule, sua sponte dismissed the appeal as interlocutory on 11 February 1987. Swanner then filed a timely petition for review, and a petition for writ of mandamus, with this Court.
 
 
 5
 The Longshoremen's and Harborworkers' Compensation Act provides that '[a]ny person adversely affected or aggrieved by a final order' of the BRB may invoke the jurisdiction of the appropriate court of appeals to review that BRB decision. 33 U.S.C. Sec. 921(c) (1978) (emphasis added). It is clear that the Act adheres to the "statutory concept of finality" as the basis of our appellate jurisdiction. Newport News Shipbuilding and Dry Dock Co. v. Director, 590 F.2d 1267 (4th Cir. 1978) (citation omitted); see 28 U.S.C. Sec. 1291. In judging the finality of an order, we use a 'practical rather than a technical construction.' Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546 (1949).
 
 
 6
 Although the BRB has determined that no exception to its finality rule allows immediate review of the ALJ's order for physical examination, the question of whether Swanner will get benefits has not been addressed by the BRB or even the ALJ. Obviously, there is no 'final order' which could confer jurisdiction on this Court. See Newport News Shipbuilding and Dry Dock Co., 590 F.2d at 1268.
 
 
 7
 Swanner argues that the BRB's sua sponte order dismissing his interlocutory appeal should be considered a 'collateral order' not subject to the 'final judgment ' rule. See Cohen, 337 U.S. at 545-547. To fall within the 'collateral order' exception the order must satisfy three conditions. It must: (1) 'conclusively determine the disputed question,' (2) 'resolve an important issue completely separate from the merits of the action,' and (3) 'be effectively unreviewable on appeal from a final judgment.' Coopers & Lybrand v. Livesay, 437 U.S. 463, 468 (1978). The 'collateral order' rule is a 'narrow exception' to the normal finality requirement. Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 374 (1981).
 
 
 8
 Assuming that the ALJ's order satisfies the first 'collateral order' test, the BRB reasonably found that the order failed either of the other two requirements. The order for physical examination was clearly entered as an exercise of the ALJ's discretionary authority, 20 C.F.R. Secs. 725.455(c), 725.456(e), so this appeal does not present an 'important issue' warranting deviation from the final judgment rule. Swanner will also be able to seek review of the order--both by the BRB and, if necessary, this Court--on appeal from a final ALJ order; thus, this issue will not be 'effectively unreviewable' on appeal. In addition, Swanner does not even allege that an immediate review of the order could prevent 'undue hardship and inconvenience'; this requirement would necessitate a showing of hardship or inconvenience beyond that which is seemingly inherent in the black lung benefits claims process. Morgan v. Director, OWCP, BRB No. 84-0214-BLA, 8 B.L.R. 1-491, 1-493 (Benefits Rev. Bd. March 13, 1986) (further delay in twelve year old claim meeting 'undue hardship and inconvenience' test).
 
 
 9
 Swanner recognizes that he may submit to the tests and then challenge their admissibility on appeal. Swanner also recognizes that he could refuse to submit to the tests, suffer dismissal for failure to comply with an ALJ order, and on appeal either raise the question of the lawfulness of the order, see 20 C.F.R. Sec. 725.465(a)(2), or argue that his refusal was 'reasonable' in light of his current health problems.* See, e.g., Bertz v. Consolidation Coal Company BRB No. 81-2283-BLA, 6 B.L.R. 1-820 (Benefits Rev. Bd. January 18, 1984) (reviewing ALJ's decision not to order physical examination on finding that claimant's refusal to undergo medical tests was reasonable).
 
 
 10
 We therefore hold that Swanner's petition for review in No. 87-3551 is premature because the Board's order dismissing the appeal as interlocutory is not a 'final order' and thus is not reviewable under 33 U.S.C. Sec. 921(c). Accordingly, the Board's motion is granted, and the petition for review is dismissed.
 
 
 11
 Swanner's petition for mandamus must also be denied for three reasons. First, while this Court has authority under 28 U.S.C. Sec. 1651 to issue writs necessary or appropriate in aid of its jurisdiction, an extraordinary writ is not however a substitute for an appeal, nor may it be used to circumvent the appellate process. See In re United Steelworkers, 595 F.2d 958, 960 (4th Cir. 1979). Second, Swanner's course is, as mandated by statute, to seek a final administrative order before seeking review in this Court; Swanner has not met the 'heavy burden' of proving a "clear and indisputable" right to relief, nor that he has 'no other adequate means to attain the relief he desires.' In re Beard, 811 F.2d 818, 826 (4th Cir. 1987) (quoting Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980)). Third, this Court has held that 'a writ of mandamus will not issue when all that is shown is that [an authorized decision-maker] abused its discretion when making the challenged ruling.' In re Beard, 811 F.2d at 826 (citing In re Ralston Purina Co., 726 F.2d 1002, 1003 (4th Cir. 1984)). Here, the ALJ's decision to compel the medical testing was within his discretion, 20 C.F.R. Sec. 725.456(e), and designed to afford both parties an opportunity for a fair hearing. 20 C.F.R. Sec. 725.455(c). The petition for mandamus is denied and the action is dismissed.
 
 
 12
 Swanner's motion to supplement the record is denied; his motion for consolidation is granted. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the Court and oral argument would not significantly aid the decisional process.
 
 
 13
 DISMISSED.
 
 
 
 *
 Swanner seems to assert that he should not have to take the ordered tests because: (i) the tests require a great deal of physical exertion that would place Swanner in serious physical danger; and (ii) the statutes and/or regulations permit the Department of Labor to require a claimant to take only one set of tests regardless of the length of the administrative decision-making process. Because Swanner does not allege that the Director scheduled these test to harass him, and because the regulations permit a reasonable refusal to submit to medical tests, see 20 C.F.R. Sec. 725.408, we cannot see how prospective review of the order for physical examination could be necessary