902 F.2d 1567
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jon S. WILSON, Plaintiff-Appellant,
v.
WILSON-COOK MEDICAL, INC.; William A. Cook; Cook Group,
Inc.; Robert K. Irie; Dan G. Sterner,
Defendants-Appellees.
 No. 89-2457.
 United States Court of Appeals, Fourth Circuit.
 Argued April 3, 1990.
Decided April 26, 1990.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Winston-Salem. Norwood Carlton Tilley, Jr., District Judge. (CA-89-138-WS-C)
 James R. Hubbard, Allman, Spry, Humphreys, Leggett & Howington, P.A., Winston-Salem, N.C. (argued), for appellant; David C. Smith, Allman, Spry, Humphreys, Leggett & Howington, P.A., Winston-Salem, N.C., on brief.
 Max Daniel McGinn, Brooks, Pierce, McLendon, Humphrey & Leonard, Greensboro, N.C. (argued), for appellees; Ronald Wilder, Schiff, Hardin & Waite, Chicago, Ill., on brief.
 M.D.N.C., 720 F.Supp. 533.
 PETITION DENIED AND REMANDED.
 Before PHILLIPS, Circuit Judge, BUTZNER, Senior Circuit Judge, and MARVIN J. GARBIS, United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 Jon S. Wilson seeks review by mandamus of an interlocutory order transferring for improper venue a part of his multi-claim diversity action to a federal district court in another state. We decline to review the order by mandamus and remand for further proceedings.
 
 
 2
 * Wilson, a minority shareholder and former president of Wilson-Cook Medical, Inc. (Wilson-Cook), brought a diversity action against Wilson-Cook and associated defendants in the Middle District of North Carolina alleging several claims arising from his termination and concomitant loss of shareholder rights pursuant to a stock repurchase agreement. Defendants moved to dismiss for improper venue, lack of personal jurisdiction, failure to state a claim upon which relief could be granted, and misjoinder of claims and parties. The district court held that venue was improper in North Carolina for some of the claims and transferred those claims to Indiana district court pursuant to 28 U.S.C. Sec. 1406(a).
 
 
 3
 Wilson's response to the district court's ruling was to try to dismiss the case in both Indiana and North Carolina, and to appeal the transfer order. He first filed notice of voluntary dismissal in Indiana district court under Fed.R.Civ.P. 41(a)(1); defendants answered in that court the next day, asserting two counterclaims. Wilson next filed Rule 41(a)(1) dismissal notices for the claims remaining in the Middle District of North Carolina and a motion to withhold transfer of the case file to Indiana district court. Defendants moved to strike these dismissal notices. Wilson then filed notice of appeal of the Sec. 1406(a) transfer order. The district court entered an order staying all matters pending resolution of the instant appeal. Wilson filed a motion for reconsideration of the stay order, but the district court denied the motion. He did not attempt to appeal the stay order.
 
 
 4
 Concerned with jurisdictional questions, Wilson does not now seek review by appeal. See Gower v. Lehman, 799 F.2d 925, 927 (4th Cir.1986) (dicta that Sec. 1406(a) transfer orders not appealable); see also Ellicott Mach. Corp. v. Modern Welding Co., 502 F.2d 178, 180 (4th Cir.1974) (denial of motion for change of venue under 28 U.S.C. Sec. 1404(a) not appealable); cf. Lauro Lines S.R.L. v. Chasser, --- U.S. ----; 109 S.Ct. 1976, 1979 (1989) (claim that defendant may be sued only in particular forum adequately reviewable after final judgment). Instead, he asserts jurisdiction under 28 U.S.C. Sec. 1651(a) and asks this court to treat his appeal as a petition for mandamus. Cf. In re Washington Post Co., 807 F.2d 383, 388 (4th Cir.1986) (appeal may be treated as petition for mandamus if party seeking review has standing and has substantially complied with Fed.R.App.P. 21(a)).
 
 II
 
 5
 Mandamus is, of course, an extraordinary remedy that is "to be invoked only in extraordinary situations." Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). As a general rule, this court has jurisdiction over "final decisions;" review of interlocutory orders is strictly circumscribed. See 28 U.S.C. Secs. 1291, 1292. Judicial readiness to issue the writ of mandamus in anything other than extraordinary circumstances would undercut the policies furthered by the final judgment rule. See Kerr, 426 U.S. at 402-03; see also Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 34-36 (1980) (same) (per curiam). In order to further the interests served by the final judgment rule, we require that a party seeking the writ show that there are no other adequate means to attain the desired relief and that the right to issuance of the writ is clear and indisputable. See In re Ralston Purina Co., 726 F.2d 1002, 1004 (4th Cir.1984) (citing Allied Chemical, 449 U.S. at 35).
 
 
 6
 Wilson has not made a sufficient showing to justify invoking the extraordinary remedy of mandamus here.
 
 
 7
 In particular, we are not persuaded that immediate review is necessitated as the only adequate means of obtaining the ultimate relief petitioner now seeks by way of mandamus. The primary relief now being sought by petitioner in this action is the right voluntarily to dismiss it, in both its North Carolina and Indiana components. If that relief is granted, the venue question is mooted. We are advised that petitioner has commenced a parallel action in a North Carolina state court, which defendants have removed to the federal district court in which the instant action and motions to strike are pending, that petitioner has moved to remand the state-court action, and that that remand motion is now pending. As we assess the matter, ultimate resolution of the several procedural questions now pending will be best served by first determining whether petitioner may voluntarily dismiss the instant action. All things considered, resolution of the venue question is best reserved at this point.
 
 
 8
 We therefore deny the petition for writ of mandamus. The case is remanded to the district court for disposition of the pending motions to strike petitioner's notices of voluntary dismissal, and for such further proceedings as may then be warranted.
 
 
 9
 SO ORDERED.