**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-1705**

In Re:  JANE DOE,

                                          Petitioner.

On Petition for Writ of Mandamus.  (1:07-cr-00029-jpj)

Submitted:  August 6, 2007              Decided:  August 9, 2007

Before WILLIAMS, Chief Judge, and KING and DUNCAN, Circuit Judges.

Petition denied by unpublished per curiam opinion.  Judge King
wrote a separate opinion concurring in the denial of mandamus.

Russell P. Butler, MARYLAND CRIME VICTIMS' RESOURCE CENTER, INC.,
Upper Marlboro, Maryland, for Petitioner.  John L. Brownlee, United
States Attorney, Roanoke, Virginia, Randy Ramseyer, Assistant
United States Attorney, Rick Mountcastle, Assistant United States
Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Abingdon, Virginia,
for the United States.  Howard M. Shapiro, Edward C. DuMont,
Kimberly A. Parker, WILMER CUTLER PICKERING HALE AND DORR, L.L.P.,
Washington, D.C., for The Purdue Frederick Company; Andrew Good,
GOOD & CORMIER, Boston, Massachusetts, for Paul D. Goldenheim; Mark
F. Pomerantz, PAUL, WEISS, RIFKIND, WHARTON & GARRISON, L.L.P., New
York, New York, for Michael Friedman; Mary Jo White, DEBEVOISE &
PLIMPTON, L.L.P., for Howard R. Udell.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

I.

Jane Doe ("Petitioner") petitions for a writ of mandamus pursuant to the Crime Victims Rights Act ("CVRA"), 18 U.S.C. § 3771. Petitioner argues that she is entitled to relief because the district court denied her the right, protected by the CVRA, to "full and timely restitution" for injuries caused by the Purdue Frederick Company, Inc. ("Purdue"). 18 U.S.C. § 3771(a)(6).

Petitioner sought to assert this right in the government's criminal prosecution of Purdue for its practices in marketing the prescription painkiller OxyContin.[1] In that proceeding, Purdue pleaded guilty to a single felony of misbranding a prescription drug with the intent to defraud or mislead in violation of 21 U.S.C. §§ 331(a), 333(a)(2). Purdue entered a plea agreement with the government that required it to pay a significant sum of money in fines, penalties, and restitution to various entities affected by its conduct. However, both the government and Purdue asked that the district court limit restitution obligations to those provided for in the plea agreement.

---

[1]The government's prosecution also focused on three of Purdue's executives. Although Petitioner did not limit her request for restitution to any specific defendant or subset of defendants below, her petition focuses exclusively on Purdue. We, therefore, have no cause to consider the district court's order with respect to any of the individual defendants.

2

Petitioner objected to this proposed limitation on Purdue's restitution obligations as violative of her rights under the CVRA. She contended that she was entitled to restitution under various legal provisions for harm that she suffered as a result of using OxyContin to treat chronic pain. The district court denied her motion, and accepted Purdue's guilty plea, its plea agreement, and the requested limitation on its restitution obligations. Petitioner now challenges that ruling under the CVRA and requests that we issue a writ of mandamus ordering the district court to reopen Purdue's sentencing and enforce Petitioner's right to restitution. After reviewing the record and the submissions of the interested parties, we find no basis upon which to grant the relief that Petitioner requests and, therefore, deny the petition.

## II.

Before we analyze the substance of the petition, we consider the question of the appropriate standard of review. Normally, petitions for mandamus are subject to an extraordinarily stringent standard in order to prevent them from becoming a substitute for appeal. In re Catawba Indian Tribe of South Carolina, 973 F.2d 1133, 1135-36 (4th Cir. 1992) (quoting In re Ralston Purina Co., 726 F.2d 1002, 1004 (4th Cir. 1984)). We have previously required petitioners to demonstrate an "abuse of discretion [that] amount[s] to a judicial usurpation of power" in order to succeed on a mandamus petition. Id. (quotations omitted). This standard is

3

significantly higher than the normal abuse of discretion standard that we apply in other circumstances. See id. at 1137 ("[O]ur inquiry . . . is not whether . . . the decision amounts to an ordinary abuse of discretion.").

However, mandamus petitions filed under the CVRA are not necessarily subject to this stringent standard of review. In creating the CVRA, Congress specifically chose a mandamus petition as the appropriate vehicle for appellate review of an order denying a crime victim's assertion of a right protected thereunder. See 18 U.S.C. § 3771(d)(3). Because the use of mandamus in this context results from a deliberate legislative choice and not adroit or devious pleading, it is not clear that a petitioner under the CVRA should be subjected to the same stringent standard of review as traditional petitioners. At least two other circuits have found that CVRA petitioners should not be so constrained and each has applied a normal abuse of discretion standard to CVRA mandamus petitions. See Kenna v. United States Dist. Court for the Cent. Dist. of Calif., 435 F.3d 1011, 1017 (9th Cir. 2006); In re W.R. Huff Asset Manag. Co., 409 F.3d 555, 562 (2d Cir. 2005). We need not decide the issue today, however, because Petitioner would not be entitled to relief even under the lower standard.

## III.

The reason the standard of review is immaterial here is that each of Petitioner's arguments rest on the premise that she is

4

legally entitled to restitution from Purdue and that the district court erred in denying her such an award. As a threshold matter, then, Petitioner must demonstrate a legal basis for such an entitlement.[2] Otherwise, any error in the district court's handling of the sentencing proceedings[3] or Petitioner's motion would be harmless because it could not have affected her substantial rights.[4] See Fed. R. Crim P. 52(a). Therefore, we begin our analysis by examining Petitioner's claim to restitution.

Petitioner's argument regarding her entitlement to restitution ultimately devolves to a claim under the Victim and Witness Protection Act ("VWPA"), 18 U.S.C. § 3663. In a complex analysis

---

[2]Although the CVRA provides the vehicle for Petitioner to assert her right to restitution, it does not create an independent obligation for a district court to order or a defendant to pay such an award. 18 U.S.C. § 3771(a)(6) (protecting the right "to full and complete restitution as provided for in law" (emphasis added)). Rather, the CVRA merely protects the right to receive restitution that is provided for elsewhere. Id.

[3]Our review of the record causes some concern due to the absence of discussion of the applicability--or lack thereof--of the conditions set forth in 18 U.S.C. § 3563(a)(2) to Purdue's sentence of probation. It is true that the district court had the discretion to award, or not award, restitution as a condition of Purdue's probation. See § 3563(a)(2). However, the district court does not appear to have made the specific findings required to support the exercise of its discretion in that regard. This is no criticism of the district court; it is unclear whether Petitioner called to its attention the requirements of § 3563(a)(2), on which her petition relies heavily. Regardless, because of our ultimate conclusion, any error in that regard was harmless.

[4]Because Petitioner has focused her petition solely on the district court's denial of her request for restitution from Purdue, we have no cause to address any of the other myriad issues raised or address in the sentencing proceedings below.

5

that we need not fully unravel in this opinion, Petitioner contends that, because Purdue pleaded guilty to a felony and was sentenced to probation, the district court was required to award her restitution under § 3663 as a condition of Purdue's probation. Based on our review of the record, however, we cannot conclude that Petitioner qualifies as a "victim" under § 3663, a threshold showing necessary for an award of restitution thereunder.

The VWPA empowers a district court to order a defendant to pay various forms of restitution to a victim of his conduct. See § 3663(b). However, § 3663 "does not authorize a district court to order restitution to all individuals harmed by a defendant's criminal conduct." See United States v. Blake, 81 F.3d 498, 506-07 (4th Cir. 1996). Restitution awards are limited to individuals who qualify as "victims" under the statute. Id.

For purposes of § 3663, "the term 'victim' means a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered." 18 U.S.C. § 3663(a)(2).[5] "For a person to be considered a victim under § 3663, the act that harms the individual must be . . . conduct underlying an element of the offense of conviction . . . ." Blake, 81 F.3d at 506-07. In other words, the mere fact that an injury is related to a crime is insufficient for restitution; there must be a "direct

---

[5]For purposes of this analysis, we assume that Purdue's offense is one for which restitution can be awarded under § 3663.

and proximate" connection between the two to support an award under § 3663.

For example, in <u>Blake</u>, we held that a district court erred in recognizing as victims individuals whose credit cards were stolen by a defendant who ultimately pleaded guilty to unauthorized use of the credit cards. 81 F.3d at 506-07. The defendant was not convicted for any charges related to the actual theft of the cards. <u>Id.</u> at 506. Although the defendant could not have accomplished the crime for which he was convicted without stealing the credit cards, we held that the thefts of the cards could not support restitution under § 3663 because they did not constitute an element of the offense of conviction. <u>Id.</u> at 506-07. In other words, the connection between the theft of the cards and the ultimate offense of conviction was sufficiently attenuated to preclude the victims of the thefts from qualifying as "victims" under the express text of § 3663.

The holding in <u>Blake</u> is instructive to us here. Although we are not unsympathetic to the hardships that Petitioner has faced due to her OxyContin addiction, we cannot conclude that they were "directly and proximately" related to the conduct underlying Purdue's offense of conviction so as to justify restitution under § 3663. Purdue pleaded guilty to introducing a misbranded drug into interstate commerce with the intent to defraud or mislead. 21 U.S.C. §§ 331(a), 333(a)(2). In order to qualify as a victim under

7

§ 3663, Petitioner would have to demonstrate that her injuries flowed "directly and proximately" from the conduct underlying one of the elements of this offense.

Petitioner does not proffer, in either her affidavit or victim impact statement, any evidence from which we can conclude that she suffered "direct and proximate" harm from Purdue's misbranding of OxyContin. She presents no evidence--nor does she allege--that she directly relied on--or was even aware of--any of the false or misleading information about OxyContin disseminated by Purdue. Even assuming that such information fostered common misconceptions of which Petitioner ultimately became aware, the chain of causation between Purdue's conduct and her addiction is too attenuated to support application of § 3663.[6]

Because we conclude that Petitioner does not qualify as a "victim" under § 3663 and, therefore, is not entitled to restitution, we cannot conclude that the district court abused its discretion in denying her motion under the CVRA to seek such restitution.

---

[6]We emphasize that our discussion of causation here is limited to the narrow context of interpreting whether Petitioner was "directly and proximately harmed" within the meaning of § 3663(a)(2). We express no view regarding any issue other than the applicability of § 3663, including issues of causation in a civil context.

8

IV.

Based on the foregoing, Jane Doe's petition for a writ of mandamus is

DENIED.

KING, Circuit Judge, concurring in the denial of mandamus:

I agree with my good colleagues that we are obliged to deny Jane Doe's petition for a writ of mandamus. In my view, however, there is no need to resolve the issue of whether Doe has forecast adequate proof of causation to establish that she was a "victim" of the defendants' misbranding of OxyContin. Indeed, it is premature and counterproductive to address causation — a complicated and contentious issue apparently at the heart of OxyContin-related cases pending across the country — in our rush to dispose of Doe's petition within the oppressive time limits imposed by the Crime Victims' Rights Act (the "CVRA"). See 18 U.S.C. § 3771(d)(3) (obliging court of appeals to decide CVRA mandamus petition within seventy-two hours). As the district court observed when it denied the restitution requests of Doe and others, resolution of the issue of causation would require "litigation over many months, if not years, . . . before final judgment in this case could be entered." United States v. Purdue Frederick Co., No. 1:07CR00029, slip op. at 13 (W.D. Va. July 23, 2007).

Instead, I would deny Jane Doe's petition on a comparatively simple and obvious ground: even assuming she qualifies as a "victim" of the defendants' crimes, there is no legal basis for her claim to mandatory restitution. As the panel majority has correctly observed, the CVRA itself "does not create an independent obligation for a district court to order or a defendant to pay such

an award." Ante at 5 n.2; see also 18 U.S.C. § 3771(a)(6) (recognizing that crime victims have "[t]he right to full and timely restitution as provided in law" (emphasis added)). Doe has raised, at various points in these proceedings, three other statutes in support of her mandatory restitution claim: the Victim and Witness Protection Act of 1982, 18 U.S.C. § 3663 (the "VWPA"); the Mandatory Victims Restitution Act of 1996, 18 U.S.C. § 3663A (the "MVRA"); and the provision of Title 18 pertaining to conditions of probation, 18 U.S.C. § 3563. Unfortunately for Doe, the defendants' misbranding offenses are not included in the lists of federal crimes for which restitution can be ordered under either the VWPA or the MVRA. See 18 U.S.C. §§ 3663(a)(1)(A), 3663A(c)(1)(A). And, although a district court is entitled to order restitution when it imposes a sentence of probation on a felony offense not covered by the VWPA or the MVRA, such an award is discretionary and not mandatory. See id. § 3563(a)(2) (providing that sentencing court must require defendant to abide by one of three conditions — with restitution being just one option — unless court finds on record that "extraordinary circumstances" render each such condition "plainly unreasonable").

Frankly, I would vastly prefer that the CVRA afforded us a fair opportunity to delve into the complex factual and legal underpinnings of Jane Doe's mandatory restitution claim (which the parties themselves barely had time to develop and discuss in their

11

submissions in these proceedings). Under the circumstances presented, I am simply unable to agree with the panel majority's decision to reach and rule on the difficult question of causation.

Nonetheless, I concur in the denial of Jane Doe's petition for a writ of mandamus to the distinguished presiding district judge, because I can see no valid legal basis for her mandatory restitution claim.