**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-2353**

In re:  ANDRIS PUKKE, a/k/a Marc Romeo, a/k/a Andy Storm, individually and as an officer or owner of Global Property Alliance, Inc. (also doing business as Sanctuary Bay, Sanctuary Belize, The Reserve, Kanantik, Laguna Palms, Bamboo Springs, Eco Futures, Eco Futures Development, Eco Futures Belize),

Petitioner.

**No. 19-2366**

In re:  PETER BAKER, individually and as an officer or owner of Global Property Alliance, Inc. (also doing business as Sanctuary Bay, Sanctuary Belize, The Reserve, Kanantik, Laguna Palms, Bamboo Springs, Eco Futures, Eco Futures Development, Eco Futures Belize),

Petitioner.

On Petitions for Writ of Mandamus.  (1:18-cv-03309-PJM)

Submitted:  January 17, 2020                    Decided:  January 21, 2020

Before GREGORY, Chief Judge, and WYNN and RUSHING, Circuit Judges.

Petitions denied by unpublished per curiam opinion.

Andris Pukke, Peter Baker, Petitioners Pro Se.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The Federal Trade Commission ("FTC") filed a complaint in the District of Maryland against Andris Pukke, Peter Baker, and a number of other defendants, both individuals and entities, alleging a massive telemarketing scheme based on the sale of real estate development lots in Belize. The FTC claimed that the venue was proper in the District of Maryland under 28 U.S.C. § 1391(b)(2), (b)(3), (c)(2), (c)(3), (d) (2018), and 15 U.S.C. § 53(b) (2018). The FTC sought disgorgement and injunctive relief pursuant to § 13(b) of the Federal Trade Commission Act ("FTCA"), 15 U.S.C. § 53(b) (2018), and the Telemarketing and Consumer Fraud and Abuse Prevention Act ("TCFAPA"), 15 U.S.C. §§ 6101-6108 (2018). The FTC alleged that some of the conduct forming the basis for its complaint against Pukke and Baker also violated a final order entered in a prior suit between the FTC and Pukke in the same district court, *FTC v. AmeriDebt, Inc.*, No. 03-3317-PJM (D. Md.) ("*AmeriDebt*"). The FTC filed motions in *AmeriDebt* to hold Pukke and Baker in contempt, and the district court consolidated all of the proceedings. The district court denied Pukke's and Baker's motions to transfer the case, for recusal, and for a stay, and granted the FTC's motion to strike Pukke's jury demand.

Pukke and Baker petition for writs of mandamus and have moved to expedite and for an emergency stay of the district court proceedings pending our review of their petitions. We conclude that petitioners are not entitled to mandamus relief.

In his petition for a writ of mandamus, Baker requests this Court review the district court order denying his motion to transfer the case and to issue a writ of mandamus ordering the transfer. Pukke's petition also requests transfer, but raises several additional

3

arguments: that the district court is denying him the right to a trial by jury even though he faces incarceration in the contempt proceedings; that the district court is violating his right to due process and a fair trial because Judge Messitte is biased against him; and that the case should be stayed or dismissed based on petitions for certiorari pending before the Supreme Court. The trial is scheduled to begin on January 21, 2020.

Mandamus relief is a drastic remedy and should be used only in extraordinary circumstances. *Kerr v. U.S. Dist. Court,* 426 U.S. 394, 402 (1976); *United States v. Moussaoui*, 333 F.3d 509, 516-17 (4th Cir. 2003). Further, mandamus relief is available only when the petitioner has a clear right to the relief sought. *In re Murphy-Brown, LLC*, 907 F.3d 788, 795 (4th Cir. 2018).

Because 28 U.S.C. § 1404(a) (2018) affords discretion to the district court in ruling on a motion to transfer a case, we will not issue a writ unless "the district court's abuse of discretion . . . amount[s] to a judicial usurpation of power." *In re Ralston Purina Co.*, 726 F.2d 1002, 1005 (4th Cir. 1984). We conclude that the district court here did not usurp its judicial power in favoring judicial economy and denying petitioners' motions to transfer.

Next, we conclude that petitioners are not entitled to a jury trial. Coercive incarceration is a "paradigmatic civil contempt remedy." *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 828 (1994). Further, our precedent treats disgorgement as an equitable remedy. *FTC v. Ross*, 743 F.3d 886, 891 (4th Cir. 2014). "While the Seventh Amendment guarantees a jury trial in cases at common law, no constitutional provision guarantees . . . jury trials for cases tried in equity or in admiralty." *Vodusek v. Bayliner Marine Corp.*, 71 F.3d 148, 152-53 (4th Cir. 1995) (internal quotation

4

marks omitted). Nor have petitioners shown that the district court judge is impermissibly biased against them. *See Belue v. Leventhal*, 640 F.3d 567, 573 (4th Cir. 2011) ("[J]udicial rulings and opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings almost never constitute a valid basis for a bias or partiality motion." (internal quotation marks omitted)). Lastly, we conclude that petitioners are not entitled to mandamus relief in the form of a stay of the district court proceedings pending the Supreme Court's disposition of petitions for certiorari calling the Court to reconsider the FTC's ability to seek restitution under § 13(b) of the FTCA. If the district court awards restitution below, petitioners are free to appeal that ruling.

Accordingly, we deny the petitions for writs of mandamus. We also deny Pukke's and Baker's motions to stay the district court proceedings pending resolution of their petitions, and we deny as moot the motions to expedite. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITIONS DENIED*