**In re CATAWBA INDIAN TRIBE OF SOUTH CAROLINA, Petitioner.**

No. 91–2341.

United States Court of Appeals, Fourth Circuit.

Argued Feb. 4, 1992.

Decided Aug. 14, 1992.

Don Brantley Miller, Native American Rights Fund, Boulder, Colo., argued (Jay Bender, Belser, Baker, Barwick, Ravenel & Bender, Columbia, S.C., Robert M. Jones, Richard Steele, Rock Hill, S.C., on pleadings), for petitioner.

John C. Christie, Jr., Bell, Boyd & Lloyd, Washington, D.C., argued (J. William Hayton, Patrick J. Roach, Bell, Boyd & Lloyd, Washington, D.C., J.D. Todd, Jr., Michael J. Giese, Leatherwood, Walker, Todd & Mann, P.C., Greenville, S.C., Dan J. Byrd, Mitchell K. Byrd, Byrd & Byrd, Rock Hill, S.C., James D. St. Clair, James L. Quarles, William F. Lee, Hale & Dorr, Boston, Mass., T. Travis Medlock, Atty. Gen., Kenneth P. Woodington, Asst. Atty. Gen., State of S.C., Columbia, S.C., Joseph W. Grier, Jr., J. Cameron Furr, Jr., Grier & Grier, P.A., Charlotte, N.C., David A. White, Carolyn W. Rogers, Roddey, Carpenter & White, P.A., Rock Hill, S.C., on pleadings), for respondents.

Before WIDENER, HALL, MURNAGHAN, SPROUSE, NIEMEYER and LUTTIG, Circuit Judges.

ON PETITION FOR WRIT OF MANDAMUS

Petition denied by published opinion. Circuit Judge WIDENER wrote the opinion, in which Circuit Judges K.K. HALL, MURNAGHAN, SPROUSE, NIEMEYER and LUTTIG joined.*

OPINION

WIDENER, Circuit Judge:

Petitioner, the Catawba Indian Tribe of South Carolina (the Tribe) seeks a writ of mandamus pursuant to the All Writs Act, 28 U.S.C. § 1651(a), to compel the United States District Court for the District of South Carolina to certify a defendant class under Fed.R.Civ.P. 23. We hold that the Tribe has failed to establish that the district court's refusal to certify a defendant class constitutes such an abuse of discretion as to amount to a usurpation of the judicial power so as to justify the extraordinary remedy of mandamus. Accordingly, the petition will be denied.

---

\* Chief Judge Ervin, Judges Russell, Phillips, Wilkinson, Wilkins, Hamilton, and Williams, and Senior Judge Butzner did not participate in this decision.

I

Details of this protracted dispute between the Tribe, the State of South Carolina, and certain occupants of land in the disputed area (collectively the State) are well set out in the opinion of the United States Supreme Court in *South Carolina v. Catawba Indian Tribe, Inc.,* 476 U.S. 498, 106 S.Ct. 2039, 90 L.Ed.2d 490 (1986), and the prior opinion of this court, reported at 718 F.2d 1291 (4th Cir.1983), en banc, 740 F.2d 305 (4th Cir.1984); thus, we shall refer to the history of this litigation in summary only.

The case from which this petition arises concerns the Tribe's claim of ownership to a 144,000–acre tract of land located in northern South Carolina. The Tribe traces its claim to the land to two treaties with the English Crown, executed in 1760 and 1763, whereby the Tribe surrendered its aboriginal lands in return for the right to settle permanently on the "Tract of Land Fifteen Miles square" now in dispute.

In 1790, the United States Congress passed the Indian Intercourse Act,[1] which prohibited any conveyance of tribal land without the consent of the United States. Notwithstanding this Act, in 1840 the Tribe conveyed its entire interest in the 144,000–acre tract to the State of South Carolina by entering into the Treaty of Nation Ford. The United States did not participate in this treaty, a fact upon which the Tribe's claim of title in this suit depends.

In 1959, Congress passed the Catawba Indian Tribe Division of Assets Act, 25 U.S.C. §§ 931–938 (the 1959 Act), which provided for the termination of federal services to the Tribe, the division of tribal assets to the remaining members of the Tribe, and, ultimately, for revocation of the Tribe's constitution on July 1, 1962. The implications of the 1959 Act have since formed the basis for the instant litigation.

The Tribe commenced the underlying suit on October 28, 1980. That complaint was accompanied by a motion to certify a defendant class under Fed.R.Civ.P. 23(b)(1)(B). Though the class certification motion initially was to be the first resolved, on April 20, 1981 the district court stayed its consideration of the certification issues pending resolution of the State's Fed.R.Civ.P. 12(b)(6) motion to dismiss grounded in the effect of the 1959 Act. That motion thereafter was treated as a motion for summary judgment, and on June 14, 1982 the district court entered summary judgment in favor of the State. In so holding the court found, *inter alia,* that the 1959 Act made state statutes of limitations applicable to the Tribe's claims.

On appeal, we reversed the judgment of the district court and held that the 1959 Act did not make the South Carolina statutes run against the Tribe's claims. 718 F.2d at 1300. Soon thereafter the United States Supreme Court granted certiorari and reversed, holding that state statutes of limitations indeed became applicable against the Tribe upon the revocation of the Tribe's charter on July 1, 1962. 476 U.S. at 510–11, 106 S.Ct. at 2046–47. The Court remanded the case to this court to determine whether or to what extent state statutes of limitations barred the Tribe's claims.

On remand, we examined South Carolina's various statutes of limitations and held that the Tribe's claim was barred "against each person who holds and possesses property that has been held and possessed adversely for 10 years after July 1, 1962, and before October 20, 1980, without tacking except by inheritance, in accordance with South Carolina's tacking doctrine." 865 F.2d 1444, 1456 (4th Cir.), cert. denied, 491 U.S. 906, 109 S.Ct. 3190, 105 L.Ed.2d 699 (1989). We remanded the case to the district court for application of those state law principles to the individual claims.

On remand in the district court, the class certification issue resurfaced in the form of the Tribe's motion to expedite consideration of the class action motion first made in 1980. On September 27, 1989, the district court denied the motion to expedite and again stayed further action on the certification question so that the individual named defendants might have an opportunity to

---

**1.** 25 U.S.C. § 177 (originally enacted as Act of   July 22, 1790, ch. 33, § 4, 1 Stat. 138).

establish the defense of the ten-year statute of limitations at the summary judgment stage. The Tribe then unsuccessfully sought a writ of mandamus to compel the district court to rule on the motion to certify a defendant class. *In re Catawba Indian Tribe of South Carolina,* No. 89–2831 (4th Cir. Jan. 4, 1990).

We note that the 1990 petition sought a writ of mandamus directing the district court not only to rule on the then-pending motion for class certification, but also to grant that motion and certify the defendant class. The Tribe did not seek certiorari of our denial of that petition. While we need not rely on the point, it might well be argued that the instant petition is barred by principles of res judicata or law of the case. See, e.g., *United States v. Dean,* 752 F.2d 535, 541 (11th Cir.1985), cert. denied, 479 U.S. 824, 107 S.Ct. 97, 93 L.Ed.2d 48 (1986); *Age of Majority Educ. Corp. v. Preller,* 512 F.2d 1241, 1245 (4th Cir.1975). Along the same line, the dispute over class certification has been recognized by the Tribe as early as February of 1981, when it opposed the district court's decision to defer ruling on the motion for class certification pending the court's consideration of the State's motion to dismiss the case. After the district court's entry of summary judgment in favor of all defendants on June 14, 1982, the Tribe filed its first appeal in this court. Although the Tribe in its brief in that appeal acknowledged that since early 1981 it had been aware of the due process and limitations period problems created by the district court's deferral of the class certification issue, it did not raise the issue before this court at that time. Such failure to raise this issue, assuming it appealable, in the face of the Tribe's admitted knowledge of the importance of the question to its case, can only weigh against its present petition for the extraordinary writ of mandamus. And, even if not appealable, the ability of the district court to rule or defer, or rule and change, upon the question, illustrates why such orders are not final. See *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 469 & n. 11, 98 S.Ct. 2454, 2458 & n. 11, 57 L.Ed.2d 351 (1978).

After entering summary judgment in favor of certain of the named defendants, the district court ruled on the Tribe's motion to certify a defendant class. By order dated February 14, 1990, the court denied the motion on two alternative grounds: (1) that, because each potential class member could raise the individualized, fact-based defense of adverse possession, a judgment with respect to the named defendants would not substantially impair or impede the non-party landowners' ability to protect their interests within the meaning of Fed. R.Civ.P. 23(b)(1)(B); and (2) that, by virtue of the running of South Carolina's twenty-year presumption of grant doctrine on July 1, 1982, the Tribe's claims against unnamed potential class members were time-barred, and thus the numerosity requirement of Fed.R.Civ.P. 23(a)(1) was not met. On the same day the district court declined to certify its ruling on the class certification for interlocutory appeal under 28 U.S.C. § 1292(b). The Tribe now seeks mandamus to compel the district court to reverse its decision on the certification issue.

## II

In seeking a writ of mandamus, the Tribe asks this court to invoke an extraordinary and drastic remedy. *Kerr v. United States District Court for Northern District of California,* 426 U.S. 394, 402, 96 S.Ct. 2119, 2123, 48 L.Ed.2d 725 (1976). The very power of the writ of mandamus demands that its availability be limited to narrow circumstances lest it quickly become a shortcut by which disappointed litigants might circumvent the requirements of appellate procedure mandated by Congress. Accordingly, the courts have established a standard for the grant of a writ of mandamus sufficiently demanding to prevent its indiscriminate use. We are of opinion that, quite aside from the issue of the correctness of the district court's decision not to certify a defendant class, the Tribe has failed to demonstrate that this issue presents a proper case for use of the writ of mandamus.

■ The hurdles the Tribe faces in its petition for a writ of mandamus are three-fold. First, the Supreme Court and this court have made clear that "[m]andamus should not be used as a substitute for appeal." *In re Ralston Purina Co.*, 726 F.2d 1002, 1004 (4th Cir.1984); see also *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34–35, 101 S.Ct. 188, 189–190, 66 L.Ed.2d 193 (1980). We have held that "one seeking mandamus carries the burden of showing both that he had 'no other adequate means to attain the relief he desires' and that his right to issuance of the writ is 'clear and indisputable.'" *Ralston Purina*, 726 F.2d at 1004 (quoting *Allied Chemical*, 449 U.S. at 35, 101 S.Ct. at 190). Further, when mandamus is sought to compel an act normally committed to the discretion of the district court the petitioner faces an even more rigorous standard. "[B]efore the writ should issue in a case in which the matter at hand is entrusted to the discretion of the district court, the district court's abuse of discretion must amount to a 'judicial usurpation of power.'" 726 F.2d at 1005 (quoting *Allied Chemical*, 449 U.S. at 35, 101 S.Ct. at 190).[2]

Second, the decision whether to certify a class pursuant to Fed.R.Civ.P. 23 clearly is one committed to the "broad discretion" of the district court. *Roman v. ESB, Inc.*, 550 F.2d 1343, 1348 (4th Cir.1976); see also *National Ass'n for Mental Health, Inc. v. Califano*, 717 F.2d 1451, 1459 (D.C.Cir. 1983), cert. denied, 469 U.S. 817, 105 S.Ct. 85, 83 L.Ed.2d 32 (1984). Consequently, the Tribe must make the most difficult showing, that of an abuse of discretion amounting to a usurpation of the judicial power, before mandamus will lie to replace the district court's decision.

Third, the decision of the Supreme Court in *Coopers & Lybrand v. Livesay, supra*, weighs heavily in our decision in this case. In *Coopers & Lybrand* the Court considered whether a district court's denial of class certification pursuant to Fed.R.Civ.P. 23 is a final order appealable under 28 U.S.C. § 1291. Because the denial of class certification plainly "does not of its own force terminate the entire litigation," 437 U.S. at 467, 98 S.Ct. at 2457, and consequently does not fall within the scope of the "final judgment rule," as § 1291 has been interpreted, the Court considered whether such an order comes within any exception to the final judgment rule.

First, the Court held that denial of certification does not fall within the collateral order exception set out in *Cohen v. Beneficial Ind. Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), as the denial does not "conclusively determine the disputed question, resolve an important issue completely separate from the merits of

---

**2.** Since our decision in *Ralston Purina* the Supreme Court has addressed the standard for issuance of the writ of mandamus only once. In *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), the Court reviewed the Eighth Circuit's denial of the mandamus petition of an attorney who had been involuntarily appointed by the district court pursuant to 28 U.S.C. § 1915(d) to represent indigent plaintiffs in a § 1983 case. After holding that § 1915(d) did not permit such involuntary appointments, the Court considered whether mandamus was the proper avenue by which the attorney should have challenged the district court's appointment.

The Court found that the petitioner had satisfied the "demanding standard" for issuance of the writ, as the district court had "plainly acted beyond its 'jurisdiction' as [the Court's] decisions have interpreted that term," and the petitioner "had no alternative remedy available to him." 490 U.S. at 309, 109 S.Ct. at 1822. In so holding the Court defined the proper mandamus standard in essentially the same terms as did we in *Ralston Purina*. The Court did, however, state that "we have required that petitioners demonstrate a 'clear abuse of discretion' ... to be entitled to the issuance of the writ," 490 U.S. at 309, 109 S.Ct. at 1822 (quoting *Bankers Life & Casualty Co. v. Holland*, 346 U.S. 379, 383, 74 S.Ct. 145, 148, 98 L.Ed. 106 (1953)). It might be argued that the use of the words "clear abuse of discretion" represents a slight liberalization of the "judicial usurpation of power" standard of *Allied Chemical, supra*, upon which *Ralston Purina* is based. We reject any such argument, however, as *Mallard* explicitly equates "clear abuse of discretion" with the "usurpation of the judicial power" standard, and indeed cites *Allied Chemical* with favor. In any event, we are satisfied that the district court's decision in the instant case would be beyond the reach of mandamus regardless of any such nuances in the expressed standard.

the action," nor is the decision "effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand,* 437 U.S. at 468, 98 S.Ct. at 2458. Second, the Court rejected the argument that there exists a "death knell" exception to the final judgment rule, whereby a non-final decision would be appealable whenever that decision would as a practical matter be "tantamount to a 'death knell' for the entire case." 437 U.S. at 470, 98 S.Ct. at 2459.

The import of the Court's decision in *Coopers & Lybrand* is clear: decisions regarding class certification, however important their outcome might be to the underlying suit, are entitled to no special dispensation from fundamental procedural requirements. In particular, class certification issues are to be fully subject to the "legislative judgment that '[r]estricting appellate review to "final decisions" prevents the debilitating effect on judicial administration caused by piecemeal appeal disposition of what is, in practical consequence, but a single controversy.'" 437 U.S. at 471, 98 S.Ct. at 2459 (quoting *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 170, 94 S.Ct. 2140, 2149, 40 L.Ed.2d 732 (1974)). We must be reluctant indeed to permit the Tribe to accomplish by mandamus what *Coopers & Lybrand* so clearly prohibits by way of interlocutory appeal not certified under 28 U.S.C. § 1292(b).

The exceedingly demanding standard for issuance of the writ of mandamus to compel a discretionary act by a district court, the fact that whether to certify a class clearly is such a discretionary act, and the Court's decision in *Coopers & Lybrand,* might well justify a conclusion that mandamus will not lie to compel class certification. We need not rest our decision on that basis, however, as we are of opinion that the district court's decision not to certify a defendant class in this case does not constitute a usurpation of the judicial power under our decision in *Ralston Purina,* or such an abuse of discretion as to be equated thereto. In reviewing the district court's decision, we emphasize again that

our inquiry under *Ralston Purina* is not whether this court would have arrived at the same result were we sitting as a trial court, nor even whether the decision amounts to an ordinary abuse of discretion.

The Tribe seeks certification of a defendant class only of the type described in Fed.R.Civ.P. 23(b)(1)(B).[3] That Rule provides in pertinent part as follows:

**(b) Class Actions Maintainable.** An action may be maintained as a class action if the prerequisites of [Fed.R.Civ.P. 23(a)] are satisfied, and in addition:

(1) the prosecution of separate actions by or against individual members of the class would create a risk of

.    .    .    .    .

(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests[.]

In denying the motion to certify a defendant class, the district court found that an adverse judgment against some or all of the named defendants would not substantially impair or impede the ability of non-party, would-be class members to defend their interests. The court noted that the Tribe has estimated that as many as sixty percent of the potential class members may be able to assert successfully the ten-year statute of limitations as a defense to the Tribe's claim. Beside that, in view of the fact that each potential class member must be afforded the opportunity to raise an individualized, fact-dependent defense, the court found the requirement of Rule 23(b)(1)(B) unsatisfied.

We concur with the district court's assessment that the necessarily individualized nature of the defenses of the potential class members make Rule 23(b)(1)(B) unavailing as a basis for certification of a defendant class. Raising the defense of adverse possession which may be applicable to the Tribe's claims requires the oppor-

---

3. Attachment 8, p. 23 to the petition for mandamus in this case, describes the sought-for class

as "all persons who claim possessory interests in the subject lands."

# 1138

tunity for each defendant to prove specific facts relating to that defendant's possession and ownership of his particular tract of land. Any one defendant's failure to make out a good defense of adverse possession in no way prejudices another defendant's ability to do so.[4] Accordingly, we are satisfied that the district court's decision is a far cry from an abuse of discretion and from the usurpation of the judicial power of which we spoke in *Ralston Purina*.[5]

## III

For the foregoing reasons, the petition of the Tribe for a writ of mandamus is accordingly

*DENIED.*

---

**4.** See *Bazemore v. Friday*, 478 U.S. 385, 406–07, 106 S.Ct. 3000, 3011–12, 92 L.Ed.2d 315 (1986) (Justice Brennan, concurring). The possibility that common legal issues may arise in some future stage of this litigation, or have been present in the past, does not change our conclusion that class certification under Rule 23(b)(1)(B) is improper, as an adjudication against the named defendants would impair a non-party defendant's interests as to any common legal issues only in that such an adjudication might have a persuasive or stare decisis effect on some future court. However, "[i]t is settled that the possibility that an action will have either precedential or stare decisis effect on later cases is not sufficient to satisfy Rule 23(b)(1)(B)." *In re Dennis Greenman Sec. Litig.*, 829 F.2d 1539, 1546 (11th Cir.1987); *Larionoff v. United States*, 533 F.2d 1167, 1181 n. 36 (D.C.Cir.1976), affirmed, 431 U.S. 864, 97 S.Ct. 2150, 53 L.Ed.2d 48 (1977); *LaMar v. H & B Novelty & Loan Co.*, 489 F.2d 461, 467 (9th Cir.1973); 7A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil 2d* § 1774 (1986).

**5.** As we have noted, as an alternative ground for declining to certify a defendant class the district court held that the alleged class failed to satisfy the numerosity requirement of Fed.R.Civ.P. 23(a)(1) (class action appropriate only if "the class is so numerous that joinder of all members is impracticable."). The court found that the class effectively contained no members not originally named in the 1980 complaint, as the operation of South Carolina's twenty-year limitations period, known as the presumption of grant doctrine, barred the Tribe's claims against all non-party class members on July 1, 1982. The Tribe disputes the premise of that holding, arguing that the pendency of the 1980 motion to certify a defendant class tolled the running of the twenty-year period. The district court held there was no tolling under *Davis v. Bethlehem Steel Corp.*, 769 F.2d 210 (4th Cir.), cert. denied, 474 U.S. 1021, 106 S.Ct. 573, 88 L.Ed.2d 557 (1985). However, in view of our disposition of this case and the limited nature of our inquiry on the petition for mandamus, we express no opinion on this issue.