<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 98-591**

───────────

In Re: PAMELA SUE ERVIN,

                                        Petitioner.

───────────

On Petition for Writ of Mandamus.
(CA-97-1145-6, CA-97-1199-6)

───────────

Submitted:  November 19, 1998       Decided:  December 1, 1998

───────────

Before HAMILTON and WILLIAMS, Circuit Judges, and BUTZNER, Senior
Circuit Judge.

───────────

Petition denied by unpublished per curiam opinion.

───────────

Pamela Sue Ervin, Petitioner Pro Se.

───────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Pamela Sue Ervin filed a petition for a writ of mandamus apparently seeking to have this court order the United States District Court for the Southern District of West Virginia to enforce default judgments that Ervin obtained in that court. However, the district court subsequently vacated the default judgments pursuant to Fed. R. Civ. P. 60(a). Ervin's appeal in the underlying case was dismissed by this court for want of prosecution.

Mandamus is a drastic remedy to be used only in extraordinary circumstances. See Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). Mandamus relief is only available when there are no other means by which the relief sought could be granted, see In re Beard, 811 F.2d 818, 826 (4th Cir. 1987), and may not be used as a substitute for appeal. See In re Catawba Indian Tribe, 973 F.2d 1133, 1135 (4th Cir. 1992). The party seeking mandamus relief carries the heavy burden of showing that she has "no other adequate means to attain the relief [s]he desires" and that her entitlement to such relief is "clear and indisputable." Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980). Ervin has not made such a showing. Accordingly, we deny Ervin's petition. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument wold not aid the decisional process.

PETITION DENIED

2