**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JEFFREY S. BLANEY; RAYMOND
BURGESS; HARVEY L. HALL,
Plaintiffs-Appellants,

and

AUBREY THOMAS; GREGORY DRAINE;

DAVID A. JACOBS,
Plaintiffs,

No. 99-7598

v.

THE CITY OF VIRGINIA BEACH,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T. S. Ellis, III, District Judge.
(CA-99-966-AM)

Submitted: July 14, 2000

Decided: July 31, 2000

Before WIDENER, MOTZ, and TRAXLER, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Jeffrey S. Blaney, Raymond Burgess, Harvey L. Hall, Appellants Pro
Se.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

This interlocutory appeal arises from a 42 U.S.C.§ 1983 (1994) action alleging constitutional violations at the Virginia Beach City Jail ("VBCJ"). The Appellants, all of whom have been transferred from VBCJ, are Jeffrey S. Blaney, Harvey L. Hall, and Raymond Burgess. We dismiss Burgess from the appeal and dismiss the claims presented by Blaney and Hall.

Fifty-four VBCJ inmates jointly initiated this lawsuit and moved for class certification, appointment of counsel, and a preliminary injunction. The district court denied all of these requests, and thereafter denied reconsideration. Blaney, Hall, and Burgess (and three other inmates who have since been dismissed) filed a notice of appeal.

We dismiss Burgess as a party to this appeal, because he did not participate in district court proceedings. See Davis v. Scott, 176 F.3d 805, 807 (4th Cir. 1999). Although Blaney was an original Plaintiff, and Hall later intervened, we lack jurisdiction to review their claims. We dismiss Blaney's interlocutory challenge to the denial of class certification because he did not seek certification for appeal from the district court, see 28 U.S.C. § 1292(b), or apply to this Court for review of the nonfinal order, see Fed. R. Civ. P. 23(f). See In re Catawba Indian Tribe, 973 F.2d 1133, 1137 (4th Cir. 1992). Blaney's appeal of his own claims is moot insofar as it relates to the denial of injunctive relief because he has been transferred from VBCJ. See Magee v. Waters, 810 F.2d 451, 452 (4th Cir. 1987). In addition, Blaney lacks standing to assert claims about the treatment of other VBCJ litigants. See Vermont Agency of Natural Resources v. United States ex rel. Stevens, 120 S. Ct. 1858, 1861-62 (2000). The remaining claims raised by Blaney and Hall are not subject to interlocutory review without certification under § 1292(b). See Suarez Corp. v. McGraw, 125 F.3d 222, 225-26 (4th Cir. 1997); Miller v. Simmons, 814 F.2d 962, 964 (4th Cir. 1987).

2

For these reasons, we dismiss Burgess as an appellant and dismiss all claims presented by Blaney and Hall. We also deny Blaney's motion for appointment of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

3