**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 00-7276**

―――――――――

In Re: TIMOTHY ADAMS,

                                        Petitioner.

―――――――――

On Petition for Writ of Mandamu.  (CA-97-1225)

―――――――――

Submitted:  December 29, 2000        Decided:  January 9, 2001

―――――――――

Before WILLIAMS, MICHAEL, and TRAXLER, Circuit Judges.

―――――――――

Petition denied by unpublished per curiam opinion.

―――――――――

Timothy Adams, Petitioner pro se.

―――――――――

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Timothy Adams has filed a petition for a writ of mandamus seeking to have this court direct the district court to rule upon a Fed. R. Civ. P. 60(b) motion filed in the district court on November 2, 1999. Mandamus is a drastic remedy to be used only in extraordinary circumstances. <u>Kerr v. United States Dist. Court</u>, 426 U.S. 394, 402 (1976). Mandamus relief is only available when there are no other means by which the relief sought could be granted, <u>In re Beard</u>, 811 F.2d 818, 826 (4th Cir. 1987), and may not be used as a substitute for appeal. <u>In re Catawba Indian Tribe</u>, 973 F.2d 1133, 1135-36 (4th Cir. 1992). The party seeking mandamus relief carries the heavy burden of showing that he has "no other adequate means to attain the relief he desires" and that his entitlement to such relief is "clear and indisputable." <u>Allied Chem. Corp. v. Daiflon, Inc.</u>, 449 U.S. 33, 35 (1980).

The district court ruled upon Adams' Fed. R. Civ. P. 60(b) motion on December 19, 2000. Therefore, the petition for a writ of mandamus is moot because Adams received the relief he sought. Accordingly, we deny Adams' petition for mandamus relief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>