**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 00-7344**

———————

In Re: MARC PIERRE HALL,

                                    Petitioner.

———————

On Petition for Writ of Mandamus.
(CR-95-5, CA-99-61-3)

———————

Submitted: February 22, 2001     Decided: February 28, 2001

———————

Before WIDENER and WILLIAMS, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Petition denied by unpublished per curiam opinion.

———————

Marc Pierre Hall, Petitioner Pro Se.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Marc Pierre Hall has filed a petition for a writ of mandamus seeking to have this court direct the district court to review and rule upon pleadings in his 28 U.S.C.A. § 2255 (West Supp. 2000) motion filed on February 17, 1999. Hall asks this court to direct the district court to order the Government to respond to the supplements to pleadings he wishes to file, rule on his Apprendi v. New Jersey, 530 U.S. 466 (2000), claim after the Government has responded, and upon a favorable ruling, set bail and order transportation for him from prison in Texas to North Carolina. Mandamus is a drastic remedy to be used only in extraordinary circumstances. Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). Mandamus relief is only available when there are no other means by which the relief sought could be granted, In re Beard, 811 F.2d 818, 826 (4th Cir. 1987), and may not be used as a substitute for appeal. In re Catawba Indian Tribe, 973 F.2d 1133, 1135 (4th Cir. 1992). The party seeking mandamus relief carries the heavy burden of showing that he has "no other adequate means to attain the relief he desires" and that his entitlement to such relief is "clear and indisputable." Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980). Hall has not made such a showing. In a December 4, 2000, order issued by the district court, he received some of the relief he sought. The remainder of the relief he seeks is properly to be determined by the district court and does not warrant manda-

2

mus relief.  Accordingly, we deny Hall's motion to proceed in forma pauperis and his petition for mandamus relief.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED