**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 00-2528**

———————————

In Re: ARTHUR O. ARMSTRONG,

                                             Petitioner.

———————————

On Petition for Writ of Mandamus.  (MISC-00-108-1)

———————————

Submitted:  March 8, 2001          Decided:  March 15, 2001

———————————

Before MOTZ, TRAXLER, and KING, Circuit Judges.

———————————

Petition denied by unpublished per curiam opinion.

———————————

Arthur O. Armstrong, Petitioner Pro Se.

———————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Arthur O. Armstrong has filed a petition for a writ of mandamus in which he requests that this court vacate a June 12, 1998, prefiling injunction ordered by the district court. He further seeks an order directing the district court to act on his many motions for leave to file complaints and motions seeking reconsideration of the court's denials of his motions for leave to file complaints.

Mandamus is a drastic remedy to be used only in extraordinary circumstances. In re Beard, 811 F.2d 818, 826 (4th Cir. 1987) (citing Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976)). Armstrong carries the heavy burden of establishing that he has no other adequate means to attain relief and that his entitlement to such relief is clear and indisputable. Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980); In re First Fed. Sav. & Loan Ass'n, 860 F.2d 135, 138 (4th Cir. 1988).

We deny Armstrong's mandamus petition insofar as it relates to the June 12, 1998, order. This order was affirmed as modified on appeal. See Armstrong v. Koury Corp., No. 99-2512 (4th Cir. Apr. 10, 2000). Mandamus is not a substitute for appeal. In re Catawba Indian Tribe, 973 F.2d 1133, 1135-36 (4th Cir. 1992).

We deny Armstrong's mandamus petition as moot insofar as it refers to district court cases Armstrong claims have not been acted

upon by the district court.  The district court has acted upon and disposed of all the cases cited by Armstrong.[*]

Accordingly, we deny Armstrong's petition for a writ of mandamus.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

PETITION DENIED

---

[*] See Armstrong v. Watson, No. 97-CV-1335 (M.D.N.C. Dec. 13, 2000); Armstrong v. Koury Corp., No. 00-MC-49 (M.D.N.C. Dec. 13, 2000); Armstrong v. Doe, No. 00-MC-50 (M.D.N.C. Dec. 13, 2000); Armstrong v. Koury Corp., No. 00-MC-96 (M.D.N.C. Feb. 2, 2001); Armstrong v. Bateman, No. 00-MC-94 (M.D.N.C. Feb. 2, 2001); Armstrong v. Bateman, No. 00-MC-95 (M.D.N.C. Feb. 2, 2001); Armstrong v. Flinclum, No. 00-MC-98 (M.D.N.C. Feb. 2, 2001); Armstrong v. UC Lending Corp., No. 00-MC-99 (M.D.N.C. Feb. 2, 2001); Armstrong v. UC Lending Corp, No. 00-MC-100 (M.D.N.C. Feb. 2, 2001); Armstrong v. Marks, No. 00-MC-101 (M.D.N.C. Feb. 2, 2001); Armstrong v. Marks, No. 00-MC-45 (M.D.N.C. Feb. 2, 2001); Armstrong v. City of Greensboro, No. 00-MC-115 (M.D.N.C. Feb. 2, 2001); and Armstrong v. Bateman, No. 00-MC-64 (M.D.N.C. Feb. 2, 2001).

3