**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 01-6061**

---

In Re: GARY L. DETEMPLE,

                                        Petitioner.

---

On Petition for Writ of Mandamus.
(CV-99-145, CV-00-84, CV-00-63, CV-00-64, CV-00-149, CV-00-116)

---

Submitted: May 18, 2001                 Decided: June 1, 2001

---

Before WIDENER and TRAXLER, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

---

Petition denied by unpublished per curiam opinion.

---

Gary L. DeTemple, Petitioner Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Gary DeTemple has filed a petition for a writ of mandamus requesting that this court recuse the district court judge acting in his 28 U.S.C.A. § 2255 (West Supp. 2000) motion and several bankruptcy actions, grant him release pending resolution of his § 2255 motion, and reverse the district court's orders dismissing specified civil actions. He also moves for stay and to compel the Bureau of Prisons to comply with the law.

The writ of mandamus is a drastic remedy to be used only in extraordinary circumstances. In re Beard, 811 F.2d 818, 826 (4th Cir. 1987) (citing Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976)). It is available only when there are no other means by which the relief sought could be granted. Id. The party seeking mandamus relief thus carries the heavy burden of showing that he has no other adequate means to attain the relief he desires and that his entitlement to such relief is clear and indisputable. Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980).

Addressing DeTemple's requests for recusal, while mandamus is a proper avenue to seek judicial recusal, Beard, 811 F.2d at 826-27, we find no facts warranting recusal. As to DeTemple's request that this court reverse several of the district court's orders mandamus is not a proper substitute for appeal. In re Catawba Indian Tribe, 973 F.2d 1133, 1135 (4th Cir. 1992). Turning to DeTemple's request that he be granted release on bond pending the resolution

of his § 2255 motion, we deny the request because other avenues of relief remain available him.  Accordingly, we deny DeTemple's petition for mandamus and all pending motions.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

3