**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 01-8097**

———————

In Re: STANLEY WILSON CRUSENBERRY,

Petitioner.

———————

On Petition for Writ of Mandamus.

———————

Submitted:  February 21, 2002          Decided:  March 7, 2002

———————

Before WILKINS, MOTZ, and TRAXLER, Circuit Judges.

———————

Petition denied by unpublished per curiam opinion.

———————

Stanley Wilson Crusenberry, Petitioner Pro Se.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Stanley Wilson Crusenberry has filed a petition for a writ of mandamus seeking to have this court reverse a state conviction. Mandamus relief is available only when the petitioner has a clear right to the relief sought. <u>In re First Fed. Sav. & Loan Ass'n</u>, 860 F. 2d 135, 138 (4th Cir. 1988). Further, mandamus is a drastic remedy and should only be used in extraordinary situations. <u>Kerr v. United States Dist. Court</u>, 426 U.S. 394, 402 (1976). Mandamus relief is only available when there are no other means by which the relief sought could be granted, <u>In re Beard</u>, 811 F.2d 818, 826 (4th Cir. 1987), and may not be used as a substitute for appeal. <u>In re Catawba Indian Tribe</u>, 973 F.2d 1133, 1135 (4th Cir. 1992). The party seeking mandamus relief carries the heavy burden of showing that he has no other adequate means to attain the relief he desires and that his entitlement to such relief is clear and indisputable. <u>Allied Chem. Corp. v. Daiflon, Inc.</u>, 449 U.S. 33, 35 (1980).

Crusenberry filed a petition under 28 U.S.C.A. § 2254 (West 1994 & Supp. 2001) in district court which the district court denied because it was untimely filed under the applicable filing limitations period. 28 U.S.C.A. § 2244(d) (West 1994 & Supp. 2001). This Court dismissed Crusenberry's appeal. <u>Crusenberry v. Angelone</u>, No. 01-7229 (4th Cir. Sept. 28, 2001) (unpublished).

In this mandamus petition, Crusenberry has failed to show that he has a clear right to the relief sought. Because Crusenberry

2

essentially seeks another appeal of the district court's denial of his § 2254 petition, we deny his petition for a writ of mandamus. Although we grant Crusenberry leave to proceed in forma pauperis, we dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED
