**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 02-4246**

---

In Re: CHARLES RICE, JR.,

Petitioner.

---

On Petition for Writ of Mandamus.  (CR-99-136)

---

Submitted:  April 18, 2002          Decided:  April 26, 2002

---

Before MOTZ, TRAXLER, and GREGORY, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

Charles Rice, Jr., Petitioner Pro Se.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Charles Rice, Jr., has filed a petition for a writ of mandamus seeking an order from this court directing the Federal Bureau of Prisons to transfer him from a federal correctional institution in Maryland to one in Virginia. Mandamus relief is available only when the petitioner has a "clear right to the relief sought." In re First Fed. Sav. & Loan Ass'n, 860 F.2d 135, 138 (4th Cir. 1988). Further, mandamus is a drastic remedy and should only be used in extraordinary situations. Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). Mandamus relief is only available when there are no other means by which the relief sought could be granted, In re Beard, 811 F.2d 818, 826 (4th Cir. 1987), and may not be used as a substitute for appeal. In re Catawba Indian Tribe, 973 F.2d 1133, 1135 (4th Cir. 1992). The party seeking mandamus relief carries the heavy burden of showing that he has "no other adequate means to attain the relief he desires" and that his entitlement to such relief is "clear and indisputable." Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980).

Rice has failed to show that he has a clear right to the relief sought. See 18 U.S.C. § 3621(b) (1994) (granting the Bureau of Prisons plenary power to designate place of confinement); Olim v. Wakinekona, 461 U.S. 238, 245-49 (1983) (discussing requests for transfers between state institutions). Moreover, Rice may raise his claims by way of an action pursuant to Bivens v. Six Unknown

2

Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

Accordingly, although we grant leave to proceed in forma pauperis, we deny Rice's petition for a writ of mandamus. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED