**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————

**No. 01-8054**

————————

In Re:  LACY DAVIS, III,

Petitioner.

————————

On Petition for Writ of Mandamus.  (CA-01-633-2)

————————

Submitted:  April 15, 2002          Decided:  May 14, 2002

————————

Before WILKINS, KING, and GREGORY, Circuit Judges.

————————

Petition denied by unpublished per curiam opinion.

————————

Lacy Davis, III, Petitioner Pro Se.

————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Lacy Davis filed a petition for a writ of mandamus asking this court to overturn the district court's dismissal of his civil tort complaint, and remand for further consideration.

Mandamus is a drastic remedy to be used only in extraordinary circumstances. Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976 ). Mandamus relief is only available when there are no other means by which the relief sought could be granted, In re Beard, 811 F.2d 818, 826 (4th Cir. 1987), and may not be used as a substitute for appeal. In re Catawba Indian Tribe, 973 F.2d 1133, 1135 (4th Cir. 1992). The party seeking prohibition or mandamus relief carries the heavy burden of showing that he has no other adequate means to attain the relief he desires and that his entitlement to such relief is clear and indisputable. Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980).

Lacy has not made such a showing. He had an ample opportunity to pursue a direct appeal from the district court's dismissal order, but declined to do so. He may not now employ a mandamus petition to avoid the consequences of his failure to appeal. Accordingly, we deny Lacy's petition for mandamus relief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

2