**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 03-7767**

―――――――――

In Re:    RAHSAAN JAMAR WATKINS,

                                              Petitioner.

―――――――――

On Petitions for Writs of Mandamus. (CR-99-189; CA-02-1137-2)

―――――――――

Submitted:  March 10, 2004          Decided:  March 19, 2004

―――――――――

Before WIDENER, GREGORY, and DUNCAN, Circuit Judges.

―――――――――

Petitions denied by unpublished per curiam opinion.

―――――――――

Rahsaan Jamar Watkins, Petitioner Pro Se.

―――――――――

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Rahsaan Jamar Watkins has filed three petitions for writs of mandamus, which have been docketed together for consideration. His first petition addresses the alleged difficulties he has had getting papers filed in his 28 U.S.C. § 2255 (2000) action. Watkins seeks to have the magistrate judge recused from his case and an investigation ordered into the magistrate judge, district court judge, and their clerks. In his second petition, Watkins seeks an order requiring the district court to give specific reasons for failing to grant him a certificate of appealability, and in his third petition, Watkins requests that we order the district court to file his notice of appeal.

Mandamus is a drastic remedy to be used only in extraordinary circumstances. In re Beard, 811 F.2d 818, 826 (4th Cir. 1987). It is available only where there are no other means by which the relief sought could be granted. Id. Mandamus may not be used as a substitute for appeal. In re Catawba Indian Tribe, 973 F.2d 1133, 1135 (4th Cir. 1992). The party seeking mandamus relief carries the heavy burden of showing that he has no other adequate means to attain the relief he desires and that his entitlement to such relief is clear and undisputable. Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980),

Regarding Watkins' first mandamus petition, all of Watkins' documents were filed with the exception of a letter dated

- 2 -

September 18, 2003, in which Watkins inquired about his reply brief. Since this letter may have been construed as an inquiry rather than a motion, it is likely that it was intentionally and properly not "filed." The other motions were apparently not properly sent to the clerk's office, even though Watkins was informed in an August 14, 2003 court order that his documents should be filed with the clerk's office. In any event, Watkins fails to show prejudice from any of the filing delays, and any errors were quickly rectified. Accordingly, Watkins does not establish the requisite extraordinary circumstances for mandamus relief.

Watkins' two other mandamus petitions are moot, as he has already received the relief he requested. The district court's January 12, 2004 order specifically stated why Watkins' motion for a certificate of appealability was denied, and Watkins' notice of appeal was timely filed.

Accordingly, we grant Watkins' motion to proceed in forma pauperis and deny his mandamus petitions. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITIONS DENIED