**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-7149**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LEON MASON, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.  J. Frederick Motz, District Judge.  (CR-01-538-JFM; CA-04-3306-JFM)

---

**No. 05-7240**

---

In Re:  LEON MASON, JR.,

Petitioner.

---

On Petition for Writ of Mandamus.  (CA-04-3306)

---

Submitted:  November 18, 2005          Decided:  January 3, 2006

---

Before WILKINSON and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

No. 05-7149 dismissed; No. 05-7240 petition denied by unpublished per curiam opinion.

Leon Mason, Jr., Appellant Pro Se.  Jane Meadowcroft Erisman, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

These consolidated cases are before the court for disposition. In No. 05-7149, Leon Mason, Jr., seeks to appeal the district court's order denying relief on his motion filed under Fed. R. Civ. P. 60(b).[*] To appeal an order denying a Rule 60(b) motion in a postconviction proceeding, Mason must establish his entitlement to a certificate of appealability. Reid v. Angelone, 369 F.3d 363, 369 (4th Cir. 2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of his constitutional claims is debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). We have independently reviewed the record and conclude that Mason has not made the requisite showing.

Because Mason's motion did not assert a defect in the collateral review process itself, but rather reargued the merits of his application for relief under § 2255, the motion is properly

_____

[*]The notice of appeal was not timely as to the district court's denial of relief on Mason's underlying motion under 28 U.S.C. § 2255.

- 3 -

characterized as a successive § 2255 motion under our decision in United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003). To the extent that Mason's notice of appeal and informal brief can be construed as a motion for authorization to file a successive § 2255 motion, we deny such authorization. See Winestock, 340 F.3d at 208. Accordingly, we deny a certificate of appealability and dismiss the appeal in No. 05-7149.

In No. 05-7240, Mason petitions this court for writ of mandamus, complaining that the district court did not enter a default judgment against the Government in his § 2255 proceeding, and did not file a notice of appeal that Mason claims to have filed in May 2005. The writ of mandamus is a drastic remedy to be used only in extraordinary circumstances. In re Beard, 811 F.2d 818, 826 (4th Cir. 1987) (citing Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976)). It is available only when there are no other means by which the relief sought could be granted, id., and it may not be used as a substitute for appeal. In re Catawba Indian Tribe, 973 F.2d 1133, 1135-36 (4th Cir. 1992). The party seeking mandamus relief thus carries the heavy burden of showing he has no other adequate means to attain the relief he desires and that his entitlement to such relief is clear and indisputable. Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980). In this case, the default issue is one that Mason could have raised on appeal in No. 05-7149, but he did not. As to the notice of appeal,

the district court clerk's office has no record that such a notice was filed and Mason cannot prove that he did, in fact, file it. The exhibits he submitted with his mandamus petition did not establish that a timely notice was filed. Therefore, Mason has not shown a clear and indisputable right to mandamus relief. Therefore, although we grant Mason leave to proceed in forma pauperis, we deny the petition for writ of mandamus.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 05-7149 <u>DISMISSED</u>
No. 05-7240 <u>PETITION DENIED</u>