**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-7681**

---

In Re:  MARTELL WHITAKER,

                                                        Petitioner.

---

On Petition for Writ of Mandamus.
(CR-98-1016)

---

Submitted:  February 3, 2006          Decided:  February 28, 2006

---

Before MICHAEL, MOTZ, and KING, Circuit Judges.

---

Petition dismissed by unpublished per curiam opinion.

---

Martell Whitaker, Petitioner Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Martell Whitaker petitions this court for writ of mandamus. He seeks a an order directing the district court to conduct a jury trial of a criminal forfeiture matter. Because the forfeiture matter has been resolved, and Whitaker is not entitled to the relief sought, we dismiss the mandamus petition.

Whitaker was convicted by jury of money laundering conspiracy. According to the district court's Judgment and Preliminary Order of Forfeiture, "[a]fter his conviction, [Whitaker] waived his right to a trial by jury on forfeiture allegations and agreed for the Court to decide the forfeiture issues as they related to the money laundering conspiracy." United States v. Whitaker, No. 98-1016 (D.S.C. Dec. 8, 1999) (unpublished order). The court found $60,000 in currency and a 1994 dark purple Lexus subject to forfeiture pursuant to 18 U.S.C. § 982(a)(1) (2000). The order further recited that if, after appropriate publication, no third parties claimed an interest in the subject property, the preliminary order "shall constitute a final judgment of forfeiture." There were no third-party claims to the property, and the order therefore became final.

Mandamus is a drastic remedy to be used sparingly in extraordinary circumstances. Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976); In re Beard, 811 F.2d 818, 826 (4th Cir. 1987). Mandamus relief is available only when there are no other

- 2 -

means by which the relief sought could be granted, id., and may not be used as a substitute for appeal. In re Catawba Indian Tribe, 973 F.2d 1133, 1135 (4th Cir. 1992). The party seeking mandamus relief carries the heavy burden of showing that he has no other adequate means to attain the relief he desires and that his entitlement to such relief is clear and indisputable. Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980).

Whitaker has failed to make the requisite showing, and we accordingly dismiss his petition for writ of mandamus. We deny the motion for leave to proceed in forma pauperis and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DISMISSED