**ALD-284**                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2996
_____

IN RE:  TRENELL J. COLEMAN,
                                                              Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.C. Civ. No. 09-cv-6330)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
September 8, 2011

Before:  SCIRICA, HARDIMAN and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 4, 2011 )
_____

OPINION
_____

PER CURIAM

Trenell Coleman is serving a 444-month sentence imposed by the United States

District Court for the District of New Jersey.  <u>See</u> <u>United States v. Coleman</u>, 575 F.3d

316, 318 (3d Cir. 2009).  On August 25, 2010, the District Court denied Coleman's

motion to vacate his sentence under 28 U.S.C. § 2255, and later it denied his motion for

reconsideration.  Coleman appealed, and we denied Coleman's request for a certificate of

appealability.  <u>See</u> CA No. 11-1756 (3d Cir. June 15, 2011).  Coleman's petition for

panel and en banc rehearing was denied on August 19, 2011.

After we denied him a certificate of appealability but before we denied him rehearing, Coleman filed the instant mandamus petition. With that petition, Coleman "prays that this court issues a writ of mandamus and direct[s] the [District Court] to expedite full disposition of all four of petitioner's claims in his original section 2255 motion." According to Coleman, the District Court failed "to rule on [his] fourth claim."

Coleman made this same argument about his fourth § 2255 claim in support of both his request for a certificate of appealability and his petition for rehearing. Clearly, then, Coleman recognizes the existence of alternative "adequate means . . . to attain the relief he desires," Hollingsworth v. Perry, --- U.S. ---, 130 S. Ct. 705, 710 (2010) (per curiam) (citation and internal quotations marks omitted), a fact that precludes him from demonstrating the appropriateness of mandamus relief. It is well-settled that the writ is not to be used as a substitute for the regular appeals process. Cheney v. U.S. Dist. Court for D.C., 542 U.S. 367, 380-81 (2004); see also In re Catawba Indian Tribe of South Carolina, 973 F.2d 1133, 1135 (4th Cir. 1992) ("The very power of the writ of mandamus demands that its availability be limited to narrow circumstances lest it quickly become a shortcut by which disappointed litigants might circumvent the requirements of appellate procedure mandated by Congress").

Furthermore, Coleman's right to the relief he desires is not— as it must be before a mandamus petition can be granted—"clear and indisputable." Hollingsworth, 130 S. Ct. at 710. In fact, his contention that the District Court failed to adjudicate all four

claims raised in his § 2255 motion is baseless.  Cf. United States v. Santtini, 963 F.2d

585, 594 (3d Cir. 1992) ("The right to a writ is 'clear and indisputable' when the

petitioner can show 'a judicial usurpation of power or a clear abuse of discretion'")

(citation omitted).  In denying Coleman's § 2255 motion, the District Court reasoned as

follows:

> The first, second, and fourth of Petitioner's claims [of trial counsel ineffectiveness] fail because Petitioner cannot show prejudice.  All three of those claims basically argue that Petitioner's attorney should have done a better job arguing that the application of § 924(c) should not have resulted in a 32-year consecutive sentence.  However, the Third Circuit has now affirmed the imposition of that sentence on two separate occasions.
>
> \* \* \*
>
> Petitioner's third claim . . . should fail because that claim is vague and conclusory . . . Since Petitioner has not stated any facts that support his claim that his attorney should have called additional witnesses, he has not made the showing required to avoid summary dismissal.

Coleman v. United States, D.C. Civ. No. 09-cv-6330, dkt # 12, pgs. 4, 5 (D.N.J. Aug. 25,

2010).

Accordingly, the mandamus petition will be denied.

3